FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEJANDRO VELASQUEZ MENDOZA,<br><br>      Plaintiff,<br><br> v.<br><br>MARK A. OWEN, ROBERT J. SMITH, and SUSAN KEY,<br><br>      Defendants. | NO. 4:23-CV-5005-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 42). This matter was submitted for consideration without oral argument. Plaintiff has not responded, timely or otherwise. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 42) is GRANTED.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

This matter arises out of an injury Plaintiff received while incarcerated after a disagreement with correctional officers and the subsequent medical care received. On the morning of January 17, 2020, Plaintiff was escorted from his cell in the Washington State Penitentiary to his scheduled shower by Defendants Mark A. Owens and Robert J. Smith, two corrections officers at the facility. ECF Nos. 15 at 16 and 42 at 2. Defendants maintain that Plaintiff was housed in an area of the correctional facility set aside for inmates who pose a security risk or have disciplinary issues. ECF No. 42 at 2. The correctional facility scheduled Plaintiff's cell to be searched while he showered. *Id*.

In his First Amended Complaint, Plaintiff asserts that when he was returned to his cell after his shower, he noticed that it had been searched. ECF No. 15 at 18. Plaintiff was upset that his personal items, including legal research materials, were in disarray, and requested to speak to the sergeant. *Id*. at 19. Plaintiff alleges that the situation escalated, and Defendant Owens pulled Plaintiff's hands through the cuff port of the closed cell door and began slamming them against the metal, causing an injury which drew blood. *Id*. According to Plaintiff's FAC, Defendants Owens and Smith then uncuffed his hands and walked away. *Id*. at 19–20. He then pressed his emergency call button and was met with verbally abusive language from Defendant Susan Key and alleged that she intentionally

prolonged his care with the knowledge that he was injured. *Id*. at 21. Plaintiff alleges that in total, it took 45 minutes to receive medical attention. *Id*.

Defendants state that inmates housed similarly to Plaintiff are handcuffed, and then further restrained by a cuff retainer attached to the wrist restraints when using the shower to keep the inmate's hands behind his or her back. ECF No. 42 at 3. As part of this policy, the inmate is escorted by two corrections officers, one officer maintaining contact with the inmate's shoulder and arm while the other holds the cuff retainer. *Id*. Defendants allege that when Plaintiff arrived back at his cell at 7:45 a.m. after his shower, he was agitated because it was searched, and the situation became emergent in nature. *Id*. at 4. It is standard protocol to remove an inmate's wrist restraints after returning him or her to their cell, and Defendants Owens and Smith were concerned that allowing Plaintiff to keep the wrist restraint or retainer would result in a larger corrections officer response because either could be used as a weapon. *Id*. After closing the door, Defendant Owens instructed Plaintiff to place his hands through the cuff port so the wrist restraints could be removed. *Id*. According to Defendants, there was a struggle as Plaintiff fought to get away. *Id*. Defendant Smith grabbed Plaintiff's right forearm to restrain him through the cuff port, removed the wrist restraints, let Plaintiff go, and closed the cuff port. *Id*. at 4–5. Defendants Owens and Smith noticed some irritation around Plaintiff's wrists but did not observe any bleeding. *Id*. at 5.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

1   Defendants maintain that five to ten minutes later, Plaintiff pressed his
2   emergency call button in his cell, and spoke with Defendant Key, telling her he
3   was declaring a medical emergency. *Id*. at 6.  During this time, Defendant Key
4   was working as a booth officer, and oversaw the locking and unlocking of doors.
5   She therefore had observed the entire incident between Plaintiff and Defendants
6   Owens and Smith. *Id*. at 5.  She did not initially call a medical emergency over the
7   radio because she saw the sergeant responding with two other corrections officers
8   and medical staff attempting to de-escalate the situation. *Id*. at 6.  Defendant Key
9   then witnessed the medical staff assess Plaintiff and take him to the correctional
10  medical facility at 8:05 a.m. *Id*.  Defendants assert that the injuries Plaintiff
11  presented at the medical unit were not the injuries that Defendants Owens and
12  Smith observed after removing his restraints. *Id*. at 5.

13  Defendants filed a motion for summary judgment, arguing that either
14  correctional facility staff did not violate Plaintiff's constitutional rights, or that
15  they are shielded by qualified immunity. *Id*. at 1.  Plaintiff has not responded.

**DISCUSSION**

**I.    Summary Judgment Standard**

18  The Court may grant summary judgment in favor of a moving party who
19  demonstrates "that there is no genuine dispute as to any material fact and that the
20  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 4

on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*. The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Further, Local Rule 7(e) provides that failure to comply with Local Rule 7(c) dealing with responses to dispositive and nondispositive motions, "may be deemed

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

consent to the entry of an order adverse to the party who violates these rules." However, a court may not grant a summary judgment by default, even if the opposing party fails to respond. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Instead, Federal Rule of Civil Procedure 52(e)(2) instructs that a court may consider a fact that lacks a response as undisputed when rendering a decision on the motion. *See Heinemann*, 731 F.3d at 916-17; *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

## II. Plaintiff's 42 U.S.C. § 1983 Claims for Violations of the Eighth Amendment

The Court dismissed all but Plaintiff's claims of excessive use of force and interference with the provision of emergency medical treatment against Defendants Mark A. Owens, Robert Smith, and Susan Key. ECF No. 18 at 13. 42 U.S.C. § 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). However, qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). On summary judgment, a court examines whether a state official is entitled to qualified

1 immunity by determining (1) whether the evidence viewed in the light most
2 favorable to the plaintiff is sufficient to show a violation of a constitutional right
3 and (2) whether that right was "clearly established at the time of the violation."
4 *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019).

5       In order to show excessive force, post-conviction inmates must establish a
6 claim under the Eighth Amendment's prohibition against cruel and unusual
7 punishment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Courts are to address
8 whether the use of force was excessive through an inquiry of whether such force
9 was applied in a good-faith effort to maintain discipline, or maliciously and
10 sadistically used to cause harm. *Id*. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312,
11 327 (1986)). The Ninth Circuit has employed a five-factor test to determine
12 whether the force was malicious and sadistic: "(1) the extent of injury suffered by
13 an inmate; (2) the need for application of force; (3) the relationship between that
14 need and the amount of force used; (4) the threat reasonably perceived by the
15 responsible officials; and (5) any efforts made to temper the severity of the forceful
16 response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013).

17       First, taking Plaintiff's lack of response as a concession, the Court finds that
18 the irritation from the wrist restraints Defendants described observing after
19 removing them are minor injuries. ECF No. 42 at 5. Even accepting Plaintiff's
20 contention that he was "gushing" blood, the Court does not find that the type of

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 7

1  injury described to be extensive.  ECF No. 15 at 21; *see Hughes v. Rodriguez*, 31
2  F.4th 1211, 1221 (9th Cir. 2022) (finding police dog bites to be relatively minor
3  injuries); *LeBlanc v. Tabak*, No. CV1603270JLSAFM, 2018 WL 4846658, at *7
4  (C.D. Cal. Aug. 2, 2018) (finding that wrist and thumb injuries caused by pulling
5  against handcuffs were *de minimis*); *Kern v. Stroud*, No. 213CV02227RFBNJK,
6  2017 WL 1054489, at *10 (D. Nev. Mar. 20, 2017) (holding that plaintiff did not
7  present evidence of anything more than a minor injury resulting from handcuff
8  use).

9  Applying the second, third, and fourth factors, the Court finds that
10 Defendants' facts as stated represent an appropriate use of force for the situation.
11 Defendants maintain that Plaintiff was struggling against them as they tried to
12 remove his restraints, requiring the need for force.  ECF No. 42 at 4.  As to factor
13 three, Defendants admit that force was used, but maintain that the entire interaction
14 lasted five to ten seconds, and all force was ceased after the restraints were
15 removed.  *Id*. at 4–5.  Under factor four, Defendants present that had they not
16 removed the restraints properly, Plaintiff could have used them as a weapon, which
17 would have triggered a larger response team and could have resulted in additional
18 force used against Plaintiff.  *Id*. at 4.

19 Finally, Defendant Owens stated that he instructed Plaintiff to place his
20 hands in the cuff port, and he apparently struggled against that request.  *Id*.  In

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 8

1   applying the five-factor test, the Court does not find the use of force by Defendants

2   Owens and Smith to be excessive.

3       Plaintiff also alleges a deliberate indifference to his medical needs by

4   Defendant Key under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 105

5   (1976).  In the context of delayed medical attention, "a prisoner must allege acts or

6   omissions sufficiently harmful to evidence deliberate indifference to serious

7   medical needs." *Id*. at 106.  The Ninth Circuit has held that, in order to establish a

8   claim of inadequate medical care, a prisoner must initially "show a 'serious

9   medical need' by demonstrating that 'failure to treat a prisoner's condition could

10  result in further significant injury or the 'unnecessary and wanton infliction of

11  pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and

12  quotations omitted).  If a prisoner establishes a serious medical need, that prisoner

13  must then "show the [official's] response to the need was deliberately indifferent."

14  *Id*.  In the medical context, deliberate indifference can be "manifested by prison

15  doctors in their response to the prisoner's needs or by prison guards in intentionally

16  denying or delaying access to medical care or intentionally interfering with the

17  treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted).  A

18  delay in medical treatment does not violate the Eighth Amendment unless that

19  delay causes further harm.  *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.

20  1992).  If medical personnel have been "consistently responsive to [the inmate's]

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 9

1 medical needs," and the plaintiff has not shown that the medical personnel had
2 "subjective knowledge and conscious disregard of a substantial risk of serious
3 injury," there has been no Eighth Amendment violation. *Toguchi v. Chung*, 391
4 F.3d 1051, 1061 (9th Cir. 2004).

5     Here, the Court does not find that Plaintiff's injuries as described by
6 Defendants to be a "serious medical need," and Plaintiff does not rebut this
7 contention. ECF No. 42 at 5. As to the second prong, Plaintiff was returned to his
8 cell at 7:45 a.m., pressed his emergency call button five to ten minutes later, and
9 was seen by medical staff at 8:05 a.m. ECF No. 42 at 3, 6. Defendant Key did not
10 radio for emergency medical services, but she did not have to, as Plaintiff was
11 attended to by medical staff at his cell, and seen in the medical unit somewhere
12 between ten to fifteen minutes after signaling he needed assistance. The Court
13 therefore finds that treatment of Plaintiff's medical needs, whether serious or not,
14 were not denied or unreasonably delayed.

15     As Plaintiff raises no triable issue of fact with regard to his Eighth
16 Amendment claim, summary judgment is granted in favor of Defendants.
17 //
18 //
19 //
20 //

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 42) is **GRANTED**.

2. All deadlines, hearings and trial date are **VACATED**.

The District Court Executive is directed to enter this Order, enter judgment in favor of Defendants, furnish copies to counsel and Plaintiff, and **CLOSE** the file.

DATED June 12, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11